**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117545

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Merlett Taylor, individually and on behalf of all others similarly situated,<br><br>                                Plaintiff,<br><br>                     vs.<br><br>Rosenblum & Bianco, LLP,<br><br>                               Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Merlett Taylor, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Rosenblum & Bianco, LLP (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Merlett Taylor is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Rosenblum & Bianco, LLP, is a New York Limited Liability Partnership with a principal place of business in Nassau County, New York.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

2

17. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

18. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell* 74 F.3d at 34.

19. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson* 516 F.3d at 90.

20. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

21. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

22. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23. The alleged Debt does not arise from any business enterprise of Plaintiff.

24. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

3

25. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

26. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by two letters ("the Letters"). (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

28. The first letter ("the Validation Letter") dated January 24, 2019, contained a validation notice.

29. The second letter, also dated January 24, 2019, is captioned "**THREE DAY NOTICE**." ("The 3 Day Letter" emphasis in original.)

30. The 3 Day Letter, although ostensibly signed by the landlord, was sent to Plaintiff by Defendant.

31. The Letters conveyed information regarding the alleged Debt.

32. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

33. The Letters were the initial written communications Plaintiff received from Defendant concerning the alleged Debt.

34. The Letters were received and read by Plaintiff.

35. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

36. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

37. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

4

39. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

40. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

41. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

42. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

43. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

44. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

46. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

47. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

48. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

5

49. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

50. Demanding immediate payment during the 30-day validation without explaining that such demand does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

51. Demanding immediate payment during the 30-day validation without explaining that such demand does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

52. Demanding immediate payment during the 30-day validation without explaining that such demand does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

53. The Validation Letter provides the required validation notice.

54. The 3 Day Letter demands immediate payment during the 30-day validation period.

55. The 3 Day Letter demands payment be made within three (3) days.

56. The Validation Letter makes no mention of The 3 Day Letter.

57. The 3 Day Letter makes no mention of the validation rights as set forth in the Validation Letter.

58. The Validation Letter includes the following language: "This opportunity to dispute the debt is separate from any response that you are required to make or any action you are required to take with respect to any other legal notices you receive. Please respond to any legal notices you may receive within the time frames set forth in those notices."

59. The 3 Day Letter makes no mention of it being a legal notice.

60. The 3 Day Letter is not a Court document.

61. The 3 Day Letter is not a legal pleading.

62. The 3 Day Letter contains no statement pertaining to Plaintiff's rights following the payment demand as set forth in the Validation Letter.

63. The 3 Day Letter fails to advise that the payment demand does not override the Plaintiff's right to dispute the alleged Debt as set forth in the Validation Letter.

64. The 3 Day Letter fails to advise that the payment demand does not override the Plaintiff's right to request validation of the alleged Debt as set forth in the Validation Letter.

65. The 3 Day Letter fails to advise that the payment demand does not override the Plaintiff's right to request the name and address of the original creditor as set forth in the Validation Letter.

66. The least sophisticated consumer, upon reading such payment demand, could reasonably interpret the 3 Day Letter to mean that even if she exercises her validation rights, she must nevertheless make a payment within 3 days, to avoid getting sued or being kicked out of her home.

67. The least sophisticated consumer, upon reading such payment demand, and in the absence of any further explanation, could reasonably interpret the 3 Day Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless make a payment within 3 days, to avoid getting sued or being kicked out of her home, even during the verification process.

68. Upon receipt of the two letters, the least sophisticated consumer would likely be discouraged from exercising her right to dispute the alleged Debt.

69. Upon receipt of the two letters, the least sophisticated consumer would likely be discouraged from exercising her right to request validation of the alleged Debt.

70. Upon receipt of the two letters, the least sophisticated consumer would likely be confused as to her rights.

71. Upon receipt of the two letters, the least sophisticated consumer would likely be uncertain as to her rights.

72. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand overshadows the disclosure of the consumer's right to dispute the alleged Debt as set forth in the Validation Letter.

73. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand overshadows the disclosure of the consumer's right to request validation of the alleged Debt as set forth in the Validation Letter.

74. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand overshadows the disclosure of the consumer's right to request the name and address of the original creditor as set forth in the Validation Letter.

75. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt as set forth in the Validation Letter.

76. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt as set forth in the Validation Letter.

77. Defendant violated 15 U.S.C. § 1692g(b) as such payment demand is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor as set forth in the Validation Letter.

78. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

80. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon* 988 F.2d at 1318.

81. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon* 988 F.2d at 1319.

82. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis* 269 F.3d at 161.

83. The least sophisticated consumer could reasonably interpret the 3 Day Letter to mean that even if she exercises her validation rights, she must nevertheless make a payment within 3 days, to avoid getting sued or being kicked out of her home.

84. The least sophisticated consumer, upon reading such payment demand, and in the absence of any further explanation, could reasonably interpret the 3 Day Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless make a payment within 3 days, to avoid getting sued or being kicked out of her home, even during the verification process.

85. Because the 3 Day Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

86. Because the 3 Day Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

8

87. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**

88. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

89. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

90. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

91. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

92. 15 U.S.C. § 1692e(3) prohibits the false representation or implication that any individual is an attorney or that any communication is from an attorney

93. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

94. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

95. The 3 Day Letter states, "You are required to pay within **three** days from the day of service of this notice, or to give up possession of the premises to the landlord. If you fail to pay or give up the premises, the landlord will commence summary proceedings against you to recover possession of the premises."

96. The 3 Day Letter contains threats of eviction and lawsuit, thereby overriding Plaintiff's validation rights.

97. The 3 Day Letter contains information about a potential eviction and lawsuit against Plaintiff which overrides Plaintiff's validation rights.

98. The 3 Day Letter contains explicit threats of eviction and lawsuit against Plaintiff which overrides Plaintiff's validation rights.

9

99. The 3 Day Letter explicitly threatens Plaintiff with eviction and lawsuit, overriding Plaintiff's validation rights as set forth in the Validation Letter.

100. The foregoing is a false, deceptive, or misleading representation or means in connection with the collection of the debt.

101. The foregoing is a false representation of the character, amount, or legal status of any debt.

102. The foregoing is a false representation or deceptive means to collect or attempt to collect the debt.

103. The least sophisticated consumer would likely be deceived by the 3 Day Letter.

104. The least sophisticated consumer would likely be deceived in a material way by the 3 Day Letter.

105. As such, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5) and 1692e(10).

### THIRD COUNT
### Violations of 15 U.S.C. §§ 1692g(a)(3), 1692e and 1692e(10)

106. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

107. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

108. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

109. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

110. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

111. The Validation Letter was a part of the initial communication that Plaintiff received from Defendant.

112. The Validation Letter does not contain the complete required validation notice.

10

113. The Letter does not contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, in violation of 15 U.S.C. § 1692g(a)(3).

114. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that they would have to dispute the alleged Debt in its entirety and not be able dispute the validity of any portion thereof, before the debt would be assumed to be valid by the debt collector; and therefore, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

115. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a)(3), 1692e and 1692e(10).

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e

116. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

117. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

118. 15 U.S.C. § 1692e(11) provides that it is a violation of the FDCPA to fail to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and to fail to disclose in subsequent communications that the communication is from a debt collector.

119. The 3 Day Letter fails to disclose that the letter is from a debt collector.

120. The 3 Day Letter fails to disclose that Defendant is attempting to collect a debt.

121. The 3 Day Letter fails to disclose that any information obtained will be used for that purpose of attempted collection of the debt.

122. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(11) and is liable to Plaintiff therefor.

### CLASS ALLEGATIONS

123. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

124. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

125. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

126. The Class consists of more than thirty-five persons.

127. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

128. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

129. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

130. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: January 23, 2020

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 117545